UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BYRON SHARPE,

       Plaintiff,

 -against-

VERIZON BUSINESS NETWORK SERVICES
INC., d/b/a VERIZON BUSINESS and
VERIZON BUSINESS PURCHASING LLC,
d/b/a VERIZON BUSINESS,

       Defendants.

07-CIV-7708(DC)

**DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant Verizon Business Network Services Inc. and Defendant Verizon Business Purchasing LLC ("Defendants")[1], by and through their undersigned counsel, hereby answer the Verified Complaint of Plaintiff Byron Sharpe ("Plaintiff"), as follows:

**I
JURISDICTION AND VENUE**

1.    Defendants admit only that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, as amended, and asserts jurisdiction on the basis of 42 U.S.C § 2000e-5(f)(3), 28 U.S.C. §§ 1331 and 1343(3)(4). Defendants specifically deny engaging in any discriminatory, retaliatory or other unlawful practices or actions with respect to Plaintiff, and deny that Plaintiff is entitled to any relief whatsoever. Defendants deny the remaining allegations contained in paragraph 1.

---

[1] Verizon Business Network Services Inc. and Verizon Business Purchasing LLC are improperly named in Plaintiff's Verified Complaint. Plaintiff was not employed by either Verizon Business Network Services Inc. or Verizon Business Purchasing LLC. Rather, at all relevant times, Plaintiff was employed by MCI Communications Services, Inc., which is a 25% owner of Verizon Business Purchasing LLC, and a wholly owned subsidiary of Verizon Business Network Services Inc.

2.  Defendants admit only that Plaintiff purports to bring this action under the New York State Executive Law, § 290 et seq. and the New York City Administrative Code, § 8-101 et seq., and seeks jurisdiction on the basis of 28 U.S.C. § 1367.  Defendants specifically deny engaging in any discriminatory, retaliatory or other unlawful practices or actions with respect to Plaintiff, and deny the remaining allegations contained in paragraph 2.

3.  Defendants admit only that Plaintiff seeks in this action injunctive and declaratory relief, damages, attorneys fees and other legal and equitable relief pursuant to 42 U.S.C § 2000e-5(f)(3), New York State Executive Law, § 297(9), and the New York City Administrative Code, § 8-502.  Defendants specifically deny that Plaintiff is entitled to any relief whatsoever, and deny the remaining allegations contained in paragraph 3.

4.  Defendants admit only that venue is proper in this District.  Defendants state that Plaintiff was not employed by Defendants, but rather was an employee of MCI Communications Services, Inc.  Defendants specifically deny engaging in any unlawful practices, and deny the remaining allegations contained in paragraph 4.

## II
## DETERMINATION BY THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

5.  Defendants admit only that the Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights dated May 31, 2007 and addressed to Plaintiff, which was attached to Plaintiff's Verified Complaint, and state that the letter is a document that speaks for itself.  Defendants deny the remaining allegations contained in paragraph 5.

## III
## PARTIES

6.	Defendants deny that Plaintiff was employed by Defendants. Defendants state that Plaintiff was employed by MCI Communications Services, Inc. and its predecessors starting on or around September 18, 2000. Defendants admit only that Plaintiff began working in Manhattan in or around 2002, and that during part of his employment, Plaintiff held the title of Telecom Technician I and worked out of a facility located at 33 Whitehall Street, New York, New York 10004. Defendants deny the remaining allegations contained in paragraph 6.

7.	Defendants neither admit nor deny the allegations regarding Plaintiff's current residence for the reason that Defendants lack knowledge or information sufficient to form an opinion as to the truth of such allegations. Defendants deny the remaining allegations contained in paragraph 7.

8.	Defendants deny the allegations contained in paragraph 8.

9.	Defendants admit the allegations contained in paragraph 9.

10.	Defendants deny the allegations contained in paragraph 10.

11.	Defendants deny the allegations contained in paragraph 11.

12.	Defendants deny the allegations contained in paragraph 12.

13.	Defendants deny the allegations contained in paragraph 14.

14.	Defendants deny the allegations contained in paragraph 15.

15.	Defendants deny that Plaintiff was employed by Defendants. Defendants state that Plaintiff was employed by MCI Communications Services, Inc. and its predecessors starting on or around September 18, 2000. Defendants specifically deny that Plaintiff was wrongfully terminated, and deny the remaining allegations contained in paragraph 16.

16. Defendants neither admit nor deny the allegations contained in paragraph 17 for the reason that such allegations state the legal conclusions of Plaintiff, and therefore require no answer.

17. Defendants deny the allegations contained in paragraph 18.

## IV
## FACTUAL ALLEGATIONS COMMON TO
## ALL CAUSES OF ACTION

18. Defendants deny that Plaintiff was employed by Defendants. Defendants state that Plaintiff was employed by MCI Communications Services, Inc. and its predecessors starting on or around September 18, 2000. Defendants deny the remaining allegations contained in paragraph 19.

19. Defendants deny the allegations contained in paragraph 20.

20. Defendants admit only that Plaintiff claims that he was subjected to a hostile work environment, and makes certain allegations of discrimination and retaliation. Defendants specifically deny that Plaintiff was subjected to a hostile work environment during his employment, or that Defendants or Plaintiff's employer engaged in any discriminatory, retaliatory or other unlawful practices or actions with respect to Plaintiff. Defendants deny the remaining allegations contained in paragraph 21.

21. Defendants deny the allegations contained in paragraph 22.

22. Defendants admit only that in or around August 2005, Mr. Fabbitti became Plaintiff's supervisor. Defendants deny the remaining allegations contained in paragraph 23.

23. Defendants admit only that Plaintiff complained about Mr. Fabbitti to David Mitchell. Defendants deny the remaining allegations contained in paragraph 24.

24.   Defendants admit only that Plaintiff complained about Mr. Fabbitti to David Mitchell, and that Mr. Mitchell spoke to Mr. Fabbitti about Plaintiff's complaint. Defendants neither admit nor deny the specific allegations regarding Plaintiff's interaction with Mr. Fabbitti for the reason that Defendants lack knowledge or information sufficient to form an opinion as to the truth of such allegations. Defendants deny that paragraph 25 contains a verbatim quote of a statement made by Mr. Mitchell, and deny the remaining allegations contained in paragraph 25.

25.   Defendants deny the allegations contained in paragraph 26.

26.   Defendants admit only that, on or around February 2, 2006, Plaintiff complained to Lois Cavalier in the Human Resources Department about Mr. Fabbitti, that Ms. Cavalier spoke to Director Robert Gramlich about Plaintiff's complaint, and that thereafter Ms. Cavalier followed-up with Plaintiff. Defendants deny the remaining allegations contained in paragraph 27.

27.   Defendants admit only that Plaintiff was notified of his termination by a letter dated March 24, 2006, and further state that the letter is a document that speaks for itself. Defendants deny the remaining allegations contained in paragraph 28.

28.   Defendants admit that Plaintiff was notified of his termination by a letter dated March 24, 2006, which is a document that speaks for itself, and that Plaintiff was offered a severance package. Defendants also admit that the EEOC issued a Dismissal and Notice of Rights dated May 31, 2007 and addressed to Plaintiff, and further state that the letter is a document that speaks for itself. Defendants deny the remaining allegations contained in paragraph 29.

29.   Defendants admit only that Plaintiff makes certain allegations of retaliation and discrimination, but specifically deny engaging in any discriminatory, retaliatory or other

unlawful practices or actions with respect to Plaintiff.  Defendants neither admit nor deny the allegations regarding Plaintiff's alleged conversation with his friend for the reason that Defendants lack knowledge or information sufficient to form an opinion as to the truth of such allegations.  Defendants deny the remaining allegations contained in paragraph 30.

30.    Defendants admit only that Plaintiff seeks to rely on facts allegedly communicated to him by co-workers in support of his retaliation claim, and specifically deny those facts.  Defendants neither admit nor deny the allegations regarding Plaintiff's alleged conversation with his co-workers for the reason that Defendants lack knowledge or information sufficient to form an opinion as to the truth of such allegations.  Defendants deny the remaining allegations contained in paragraph 31.

31.    Defendants admit only that at the time of Plaintiff's termination from employment, certain payroll and other benefits ceased consistent with the fact that Plaintiff was no longer employed.  Defendants neither admit nor deny the allegations regarding actions Plaintiff took to seek subsequent employment or the salary Plaintiff received during his employment following his termination for the reason that Defendants lack knowledge or information sufficient to form an opinion as to the truth of such allegations.  Defendants deny the remaining allegations contained in paragraph 32.

32.    Defendants deny the allegations contained in paragraph 33.

33.    Defendants deny the allegations contained in paragraph 34.

34.    Defendants deny the allegations contained in paragraph 35.

35.    Defendants deny the allegations contained in paragraph 36.

36.    Defendants deny the allegations contained in paragraph 37.

37.    Defendants deny the allegations contained in paragraph 38.

## V
## FIRST CAUSE OF ACTION

38.     Defendants state that they strictly enforce their Code of Business Conduct, including the policies addressing discrimination, harassment and equal employment opportunities in the workplace, and further comply with all applicable federal, state and local rules, regulations, and laws regarding non-discrimination and non-retaliation in the workplace. Defendants deny that they were Plaintiff's employer and deny that they terminated Plaintiff. Defendants specifically deny engaging in any discriminatory, retaliatory or other unlawful practices or actions with respect to Plaintiff or any other employees. Defendants neither admit nor deny any allegations in paragraph 39 that state legal conclusions of Plaintiff, and therefore require no answer. Defendants deny the remaining allegations contained in paragraph 39.

39.     Defendants deny the allegations contained in paragraph 40.

40.     Defendants deny the allegations contained in paragraph 41.

41.     Defendants deny the allegations contained in paragraph 42.

## VI
## SECOND CAUSE OF ACTION

42.     Defendants incorporate by reference and restate their answers to paragraphs 1 through 42 as if fully set forth herein.

43.     Defendants deny the allegations contained in paragraph 44.

44.     Defendants state that they strictly enforce their Code of Business Conduct, including the policies addressing discrimination, harassment and equal employment opportunities in the workplace, and further comply with all applicable federal, state and local rules, regulations, and laws regarding non-discrimination and non-retaliation in the workplace. Defendants deny that they were Plaintiff's employer and deny that they terminated Plaintiff.

Defendants specifically deny engaging in any discriminatory, retaliatory or other unlawful practices or actions with respect to Plaintiff or any other employees. Defendants neither admit nor deny any allegations in paragraph 45 that state legal conclusions of Plaintiff, and therefore require no answer. Defendants deny the remaining allegations contained in paragraph 45.

45. Defendants deny the allegations contained in paragraph 46.

46. Defendants deny the allegations contained in paragraph 47.

47. Defendants deny the allegations contained in paragraph 48.

### PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the "Wherefore" paragraph on the 11th and 12th pages of the Verified Complaint, including sub-paragraphs A through G, or any relief whatsoever.

### DEMAND FOR A TRIAL BY JURY

Defendants neither admit nor deny that Plaintiff's claims entitle him to a trial by jury.

### FIRST AFFIRMATIVE DEFENSE[2]

Plaintiff fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Verizon Business Network Services Inc. never employed Plaintiff and is not a proper party.

### THIRD AFFIRMATIVE DEFENSE

Verizon Business Purchasing LLC never employed Plaintiff and is not a proper party.

---

[2] In asserting these "affirmative defenses," Defendants do not assume the burden of proof on any such defenses except as required by applicable law with respect to the particular defense asserted.

### FOURTH AFFIRMATIVE DEFENSE

All actions taken by Plaintiff's employer with regard to Plaintiff and his employment were taken for reasonable, legitimate, nondiscriminatory and non-retaliatory reasons.

### FIFTH AFFIRMATIVE DEFENSE

Defendants expressly deny that Plaintiff's race or any other impermissible factor played any role in any alleged adverse employment action by Plaintiff's employer.  Even if Plaintiff's race or some other impermissible factor had played a role in some alleged adverse employment actions by Plaintiff's employer, the adverse actions would have occurred nonetheless for reasons unrelated to race or any other impermissible factor.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes or other periods of limitation.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed to exhaust administrative remedies or satisfy jurisdictional requirements.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages, if any.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel and/or by laches.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that any alleged wrongful acts were committed by unauthorized persons or employees outside the scope of authority or employment and/or were outside the responsibility and control of Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's employer has and has had, at all relevant times, an internal policy which sets forth the procedure to be followed if an employee believes he or she has been racially harassed, and has provided other opportunities to prevent or correct harassment.  To the extent Plaintiff failed to utilize such procedures, his claims are barred.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff's employer exercised reasonable care to prevent and promptly correct any alleged racially harassing behavior.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's employer did not approve of, nor acquiesce in, any alleged discriminatory, harassing or retaliatory behavior toward Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

No conduct which could be construed as discrimination, harassment or retaliation toward Plaintiff ever took place.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent he consented to, initiated, or participated in the alleged wrongful acts complained of, and to the extent that the alleged wrongful acts were not unwelcome by him.

### SIXTEENTH AFFIRMATIVE DEFENSE

The proximate cause of Plaintiff's injuries, if any, was the conduct of the Plaintiff and not Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to exhaust available internal remedies.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the New York Workers' Compensation Law.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff, as a matter of law, is not entitled to the compensatory or punitive damages that Plaintiff seeks.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has failed to state facts sufficient to entitle him to any award of general damages, special damages, prejudgment interest, attorneys' fees and/or costs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of insufficient service of process.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants reserve the right to raise any additional affirmative defenses developed during discovery.

WHEREFORE, Defendants deny that they are liable to Plaintiff for any sum of money or in any manner whatsoever, and request that this Court dismiss Plaintiff's Verified Complaint in its entirety, and award Defendants their reasonable costs and reasonable attorneys' fees incurred in defending this action, or any other relief that the Court deems appropriate.

- 12 -

Dated: February 29, 2008  
      New York, New York

JONES DAY

By: s/ Shari M. Goldsmith  
   Wendy C. Butler (WB-2539)  
   Shari M. Goldsmith (SG-0909)  
   JONES DAY  
   222 East 41st Street  
   New York, New York 10017  
   (212) 326-3939

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2008, the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT AND AFFIRMATIVE DEFENSES was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties:

>Timothy P. Devane, Esq.
>204 West 84th Street
>New York, New York  10024
>
>*Attorney for Plaintiff*

>/s/ Shari M. Goldsmith
>Shari M. Goldsmith (SG-0909)
>Jones Day
>222 East 41st Street
>New York, NY 10017-6702
>smgoldsmith@jonesday.com
>(212) 326-3939